The Honorable Karen A. Overstreet
Chapter 13
Hearing Date: 12/2/2009
Hearing Time: 9:30 a.m.
Hearing Location: Seattle

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE:

VICTOR BOSSERDT AND ZINAIDA BOSSERDT,

Debtor(s).

_____

VICTOR BOSSERDT AND ZINAIDA BOSSERDT,

Plaintiffs,

v.

WELLS FARGO BANK, NA,

Defendants.

Case No. 09-12625-KAO

Adversary Case No. 09-01193-KAO

PLAINTIFFS' RESPONSE TO WELLS FARGO'S MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT

## I. RELIEF REQUESTED

Debtor-Plaintiffs Victor Bosserdt and Zinaida Bosserdt ("Debtors"), by and through their attorneys, Christina Latta Henry and Seattle Debt Law, LLC, hereby (1) respond to Defendant Wells Fargo's Motion for Summary Judgment; and (2) move the Court for an Order of Summary

PLAINTIFFS' RESPONSE TO WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT AND CROSS-MOTION
FOR SUMMARY JUDGMENT
(09-12625-KAO   ) - 1

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE,.SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206)447-0115

Judgment pursuant to FRBP 56 and LBR 7056-1 in their favor and against Defendant Wells Fargo.

## II. STATEMENT OF UNCONTESTED FACTS

1. On 10/1/2008, the Debtors filed a voluntary Chapter 7 petition in the Western District of Washington. They received a discharge on 1/8/2009.

2. On 3/21/2009, the Debtors filed a voluntary Chapter 13 petition in the Western District of Washington.

3. On 5/3/2009, the Debtors filed an adversary proceeding to strip off three wholly unsecured liens from their residence. Two of the defendants, Bank of America and Key Bank, failed to answer the Debtors' complaint and accordingly orders of default were entered against them on 7/30/2009.

4. Defendant Wells Fargo answered the complaint on 6/18/2009 and moved for summary judgment on 11/6/2009.

5. The parties agree that as of the date of the Debtors' Chapter 13 petition, there was no value in the Debtors' residence to which Wells Fargo's lien would otherwise attach.

6. There are no material issues of fact to be resolved. Based on the legal authority and argument presented below, the Debtors are entitled to judgment as a matter of law.

## III. STATEMENT OF ISSUES

Whether the Debtors are entitled to strip off a wholly unsecured junior lien for the life of their Chapter 13 plan when they are not entitled to a discharge.

## IV. EVIDENCE RELIED UPON

Records, files, pleadings, and legal authority herein.

## V. LEGAL AUTHORITY AND ARGUMENT

In the Ninth Circuit, a debtor may strip off a secured creditor's wholly unsecured real property lien notwithstanding the language of § 1322(b)(2). *Zimmer v. PSB Lending Corp. (In re*

PLAINTIFFS' RESPONSE TO WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT AND CROSS-MOTION
FOR SUMMARY JUDGMENT
(ADVERSARY CASE NO. 09-01193-KAO) - 2

SEATTLE DEBT LAW, LLC
705 SECOND AVE,.SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206)447-0115

*Zimmer)*, 313 F.3d 1220, 1222 (9th Cir. 2002). Therefore, if the debtor can show that a putatively secured interest of a residential secured creditor is totally unsecured, the debtor has the ability to strip off the lien. *Id.*

Wells Fargo does not challenge this Court's authority to strip off a lien that is wholly unsecured. *Wells Fargo's Motion for Summary Judgment* at p.4. Nor does Wells Fargo dispute that its junior lien is wholly unsecured. *Id.* at p.3. Rather, Wells Fargo argues that the Debtors are not entitled to strip off the junior lien because the Debtors received a Chapter 7 discharge in January 2009:

> Applying the prior case law to [11 U.S.C. 1328(f)(1)], the practical and legal effect is that an action to strip an otherwise strip-able lien is not available because, by law, a discharge cannot be granted to the debtor who has previously been granted a Chapter 7 discharge within the time frame of Sec. 1328(f)(1). It follows, then, that in a Chapter 13 case in which the debtor is statutorily barred from a discharge, the debtor may not receive an order stripping liens.

*Wells Fargo's Motion for Summary Judgment* at p.5-6.

The Debtors acknowledge that they are not entitled to a second discharge and thus the reasoning of *In re Jarvis* and *In re Winitzky*—a 2009 Ninth Circuit case following *Jarvis*—would preclude a *permanent* modification of Wells Fargo's rights as a secured creditor under § 1328(f). *See In re Winitzky*, 2009 Bankr. LEXIS 2430 at *10; *In re Jarvis*, 390 B.R. 600, 605 (Bankr. C.D. Ill. 2008). However, that does not preclude the Debtors from treating Wells Fargo's wholly unsecured claim as unsecured *for the life of the plan*. *See Jarvis*, 390 B.R. at 605; *In re Lilly*, 378 B.R. 232, 236 (Bankr. C.D. Ill. 2007) ("A debtor who files a Chapter 13 case despite not being able for a discharge, nevertheless has the power to modify a secured creditor's rights under Section 1322(b)(2)…[H]owever, these modifications are effective only for the term of the plan"). The Court may enter an order stripping off the lien with the express caveat that the lien strip is effective only until the completion of the plan (or until such time as the case is dismissed). *See Jarvis*, 390 B.R. at 605; *Lilly*, 378 B.R. at 236.

PLAINTIFFS' RESPONSE TO WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT AND CROSS-MOTION
FOR SUMMARY JUDGMENT
(ADVERSARY CASE NO. 09-01193-KAO) - 3

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE,.SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206)447-0115

It is important to note that the Debtors understand they will still be responsible for the underlying debt to Wells Fargo despite the lien being stripped for the duration of their Chapter 13 plan. However, treating Wells Fargo's claim as unsecured for the life of their plan will allow the Debtors to stabilize their finances. Once the plan is completed, the Debtors will be in a better position to address their debt to Wells Fargo.

Finally, there is disagreement among bankruptcy courts as to whether a stripoff order may be entered at confirmation or must wait until discharge. *See, e.g. Jarvis* 390 B.R. at 607 ("The actual 'strip off' occurs not at confirmation, but rather at discharge"); *In re Pereira*, 394 B.R. 501, 507 (Bankr. S.D. Cal 2008) (lien stripping should be accomplished preconfirmation so the Trustee knows how to treat the claim and administer the plan); *In re Millspaugh*, 302 B.R. 90, 103 (Bankr. D. Idaho 2003) (stripoff order entered as of the date of plan confirmation). However, it is clear that it is within the Court's authority to enter the order prior to confirmation. *Millspaugh*, 302 B.R. at 103.

## VI. CONCLUSION

WHEREFORE, because there are no issues of material fact and the Debtors are entitled as a matter of law to treat the wholly unsecured junior lien held by Wells Fargo on their primary residence as an unsecured claim over the life of their Chapter 13 plan, the Debtors respectfully request that this Court enter an order granting Summary Judgment in their favor and against Wells Fargo.

DATED this 25th day of November, 2009.

SEATTLE DEBT LAW, LLC

*/s/ Christina Latta Henry*
Christina Latta Henry, WSBA #31273
Attorney for Plaintiffs

PLAINTIFFS' RESPONSE TO WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT AND CROSS-MOTION
FOR SUMMARY JUDGMENT
(ADVERSARY CASE NO. 09-01193-KAO) - 4

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE,.SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206)447-0115